|  |  |
|---|---|
| ESTEBAN SANDOVAL,<br><br>              Petitioner,<br><br>       v.<br><br>WARREN L. MONTGOMERY,<br><br>              Respondent. | Case No. 1:14-cv-01541-SKO-HC<br><br>ORDER TRANSFERRING CASE TO THE SOUTHERN DISTRICT OF CALIFORNIA |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is the petition, which was filed on October 2, 2014.

Petitioner is incarcerated at the Calipatria State Prison in Calipatria, California, located in Imperial County, California. Thus, Petitioner is incarcerated within the Southern District of California.  28 U.S.C. § 84(d).

///

Petitioner challenges findings resulting from a prison disciplinary proceeding that occurred while Petitioner was incarcerated at Corcoran State Prison, located within the Eastern District of California.  (Pet., doc. 1, 1.)

Title 28 U.S.C. § 2241(d) provides as follows which respect to venue, jurisdiction, and transfer in a habeas proceeding pursuant to 28 U.S.C. § 2254:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Although venue is generally proper in either the district of the prisoner's confinement or the convicting court's location, petitions challenging a conviction preferably are heard in the district of conviction, Laue v. Nelson, 279 F.Supp. 265, 266 (N.D.Cal. 1968); petitions challenging execution of sentence are preferably heard in the district where the inmate is confined, Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).  A court should consider traditional considerations of venue, such as the convenience of parties and witnesses and the interests of justice.  Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973).

Pursuant to Title 28 U.S.C. § 1406(a), a district court of a district in which a case is filed with venue in the wrong division or district shall dismiss, or in the interest of justice, transfer the case to any district or division in which it could have been brought. Title 28 U.S.C. § 1631 provides that if a civil action is filed in a court that lacks jurisdiction, the court shall, in the interest of justice, transfer the action to any other court in which the action could have been brought at the time it was filed or noticed, and the action shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date it was actually filed in or noticed for the transferring court.

Here, the petition concerns not the propriety of Petitioner's conviction or sentence, but rather the execution of his sentence. The Court's jurisdiction is not clear: unless Petitioner was convicted in a state court located within the Eastern District of California, the Court does not have jurisdiction over the controversy. Even if the Court has jurisdiction, the petition concerns execution of Petitioner's sentence. Generally, the Southern District -- the district in which the Petitioner is confined -- would be the appropriate venue for the action. Instead of delaying the determination of the Court's jurisdiction, the interests of justice would be best served by transferring the petition to the district of Petitioner's confinement. Such a transfer is proper pursuant to 28 U.S.C. § 1406(a) and 2241(d) if Petitioner's state court conviction was sustained in a court located within this district, or pursuant to 28 U.S.C. § 1631 if this Court lacked jurisdiction because Petitioner's state court conviction was not

3

sustained in a court located within the Eastern District.

Accordingly, it is ORDERED that the petition be TRANSFERRED to the United States District Court for the Southern District of California.

IT IS SO ORDERED.

Dated:  **October 7, 2014**                    **/s/ Sheila K. Oberto**
                                               UNITED STATES MAGISTRATE JUDGE

4