# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN SANDOVAL,<br><br>                        Petitioner,<br><br>   vs.<br><br><br>WARREN L. MONTGOMERY, Warden,<br><br>                        Respondent. | Civil No. 14cv2378-BAS (PCL)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE:**<br><br>**(1) GRANTING RESPONDENT'S MOTION TO DISMISS; AND**<br><br>**(2) DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS WITH PREJUDICE AS UNTIMELY** |

Petitioner Esteban Sandoval (hereinafter "Petitioner"), is a California prisoner proceeding pro se and in forma pauperis with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) He challenges a July 12, 2006, prison disciplinary proceeding finding him guilty of constructive possession of a deadly weapon, which resulted in the loss of 360 days of earned custody credits. (Pet. Ex. F.) He claims his federal Constitutional right to due process was violated because the guilty finding was not based on reliable evidence. (Pet. at 4-5.)

Respondent has filed a Motion to Dismiss with an incorporated Memorandum of Points and Authorities, and has lodged portions of the state record. (ECF Nos. 13-14.) Respondent argues that this action was initiated nearly two and one-half years after the one-year statute of limitations expired, that Petitioner is not entitled to statutory tolling of the limitations period because he waited until after it expired before seeking relief in state court, and that he is not

entitled to equitable tolling because he has not shown any delay was caused by extraordinary circumstances beyond his control. (Mem. P&A in Supp. Resp.'s MTD at 1-6.)

Petitioner has filed an Opposition. (ECF No. 21.) He agrees with Respondent that his Petition is untimely unless he is entitled to equitable tolling, but argues equitable tolling is available because the inmate assisting him in prosecuting his claim was in possession of Petitioner's legal materials while the inmate was medically incapacitated, which delayed the filing of the first state habeas petition. (Pet.'s Opp. at 3-5.) He argues that with equitable tolling for that delay, statutory tolling is available for his one complete round of state post-conviction review, rendering his federal Petition timely. (Id.)

The Court finds, for the following reasons, that even allowing for equitable tolling for the period Petitioner was not in possession of his legal materials, the federal Petition was filed well after expiration of the one-year statute of limitations. The Court recommends **GRANTING** the Motion to Dismiss and **DISMISSING** the Petition as untimely.

## I.     Background

The following statement of facts is taken from the appellate court opinion denying habeas relief. (Lodgment No. 6, In re Sandoval, No. D063782, slip op. at 1-2 (Cal.App.Ct. May 2, 2013).) This Court gives deference to state court findings of fact and presumes them to be correct; Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); see also Sumner v. Mata, 449 U.S. 539, 545-47 (1981) (stating that deference is owed to factual findings of both state trial and appellate courts).

> A search of Sandoval's cell revealed an inmate manufactured weapon and two large pieces of metal stock under the cushion on his cellmate's wheelchair. When the correctional officers asked Sandoval to exit his cell to allow the search, he refused to exit the cell and turned his light off. Although Sandoval asserted he had no knowledge of the weapon and his cellmate claimed responsibility, the hearing officer's investigation determined that the weapon and metal stock were pieces of a handicap walker and it would have been impossible for Sandoval to have no knowledge of these weapons given the time involved to break down the walker into pieces and fashion a weapon.

(Lodgment No. 6, In re Sandoval, No. D063782, slip op. at 1-2.)

Petitioner was issued a rules violation report on July 2, 2006. (Pet. Ex. D.) A hearing was held on July 8, 2006, at which Petitioner did not testify but stipulated that his statement

1 would be the same as that of his cellmate, who stated: "[Petitioner] didn't know nothing about
2 that. I had it on my wheel chair. He wasn't present when I broke that stuff down. I had it
3 hidden between the seat and the cushion." (Pet. Ex. E.) On July 12, 2006, Petitioner was found
4 guilty of constructive possession of a deadly weapon; he was assessed the loss of 360 days of
5 earned custody credits, and referred to the classification committee for a possible segregated
6 housing term and program/housing review. (Pet. Ex. F.)

Petitioner challenged the guilty finding through the prison administrative appeal process,
8 which ended with a Director's Level decision denying his appeal on April 6, 2011. (Lodgment
9 No. 2.) Petitioner waited over a year and four months before he submitted a habeas petition to
10 the state superior court, which he signed on August 27, 2012, and which bears a filing stamp of
11 September 17, 2012.[1] (Lodgment No. 3.) That court denied the petition, stating:

> It appears that Petitioner was on "out to court status" for two years beyond July of 2006, thereby delaying his ability to submit his appeal in connection with Log No. C-06-07-002. Due primarily to the California Department of Corrections and Rehabilitation's acceptance and processing of Petitioner's untimely CDCR Form 602 Inmate/Parolee Appeal, this court finds Petitioner's post-hearing delay in seeking administrative review of his complaints to be in good faith. However, as to why Petitioner substantially delayed in pursuing habeas corpus relief following his April 6, 2011 exhaustion of administrative remedies, this court finds a complete lack of acceptable excuse.
>
> IT IS HEREBY ORDERED, the petition is denied. According to Petitioner, he was delaying in the filing of his petition because his "jail house lawyer" became seriously ill. It is the opinion of this tribunal, however, that the unavailability of a preferred "jail house" assistant does not (without more) sufficiently justify Petitioner's substantial delay in seeking habeas corpus relief. (*In re: Robbins* (1998) 18 Cal.4th 770, 805.)

21 (Lodgment No. 4, In re Sandoval, No. 12W01771, order at 1 (Cal.Sup.Ct. Nov. 26, 2012).)

Petitioner then waited nearly five months before he submitted a habeas petition in the
23 state appellate court, which he signed on April 17, 2013, and which bears a filing stamp of April
24 23, 2013. (Lodgment No. 5.) That court denied the Petition on May 2, 2013, stating:

> Sandoval contends that he was denied due process when he was found guilty by an "arbitrary fact finder." "The Legislature has given the Director of the

---

[1] Petitioner is entitled to the benefit of the "mailbox" rule which provides that his pro se filings are considered to have been constructively filed as of the date he hands them to prison authorities for mailing to a court. Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). Absent an indication otherwise, the Court will use the date the petitions are signed as the constructive filing date.

1 | Department of Corrections broad authority for the discipline and classification of persons confined in state prisons." (*In re Lusero* (1992) 4 Cal.App.4th 572, 575.) Requirements of due process are satisfied if some evidence supports the decision of the prison disciplinary board. (*In re Zepeda* (2006) 141 Cal.App.4th 1493, 1500.) This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . ." (*Superintendent v. Hill* (1985) 472 U.S. 445, 455-456.) "Constructive possession exists where a defendant maintains some control or right to control contraband that is in the actual possession of another." (*People v. Morante* (1999) 20 Cal.4th 403, 417.)

A search of Sandoval's cell revealed an inmate manufactured weapon and two large pieces of metal stock under the cushion on his cellmate's wheelchair. When the correctional officers asked Sandoval to exit his cell to allow the search, he refused to exit the cell and turned his light off. Although Sandoval asserted he had no knowledge of the weapon and his cellmate claimed responsibility, the hearing officer's investigation determined that the weapon and metal stock were pieces of a handicap walker and it would have been impossible for Sandoval to have no knowledge of these weapons given the time involved to break down the walker into pieces and fashion a weapon. Thus, "some evidence" supports the hearing officer's finding that Sandoval had constructive possession of the weapon.

We do not review Sandoval's claims of error with respect to the superior court's denial of relief. (*In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7.)

(Lodgment No. 6, In re Sandoval, No. D063782, slip op. at 1-2.)

Petitioner then waited nearly a year before he submitted a habeas petition in the state supreme court, which he signed on April 16, 2014, and which bears a filing stamp dated April 21, 2014. (Lodgment No. 7.) That court denied relief in an order which stated: "The petition for writ of habeas corpus is denied." (Lodgment No. 8, In re Sandoval, No. S2118040, order at 1 (Cal. Jun. 18, 2014).) Petitioner constructively filed his federal Petition on September 29, 2014, the date it is signed. (Pet. at 7; Mem. P&A in Supp. Resp.'s MTD at 3.)

**II.     Discussion**

Respondent contends that the one-year statute of limitations began to run on April 6, 2011, the date the administrative appeal ended, and that, absent tolling, the limitations period expired on April 5, 2012. (Mem. P&A in Supp. Resp.'s MTD at 4.) Respondent argues that statutory tolling is not available because the first state habeas petition was filed on September 17, 2012, over five months after the limitations period expired. (Id. at 4-5.) Respondent also contends equitable tolling is not available because Petitioner has not shown that extraordinary circumstances caused the delay in initiating state habeas proceedings, or caused the lengthy gaps between the filings of the state petitions. (Id. at 5-6.)

Petitioner agrees that the one-year statute of limitations began to run when his administrative grievance process became final, and concedes his federal Petition is untimely without the benefit of equitable tolling. (Pet.'s Opp. at 2.) He argues that equitable tolling is appropriate because exceptional circumstances beyond his control prevented him from pursuing his claim from November 30, 2011, until March 2, 2012. (Id. at 2-5.) Specifically, he alleges that the California Department of Corrections and Rehabilitation ("CDCR") has promulgated regulations permitting one inmate to assist another inmate in the preparation of legal documents, that he relied on an inmate named Johnny Rodriguez to assist him in pursuing his claim, and that Rodriguez was in possession of Petitioner's legal papers when Rodriguez was hospitalized with a contagious disease on November 27, 2011, thus depriving Petitioner of access to his legal materials until March 2, 2012, when Rodriguez returned to Petitioner's facility. (Id. at 4-5.)

### A. Triggering Dates of the Limitations Period

The one-year statute of limitations applicable to federal habeas petitions pursuant to 28 U.S.C. § 2254 begins to run at the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

The parties agree that § 2244(d)(1)(D) provides the triggering date, which is April 6, 2011, the date Petitioner's administrative review ended. (Mem. P&A in Supp. Resp.'s MTD at 4; Pet.'s Opp. at 2.) The Court finds that the one-year statute of limitations began to run, pursuant to § 2244(d)(1)(D), on April 7, 2011. See Patterson v. Stewart, 251 F.3d 1243, 1246

(9th Cir. 2001) (holding that "in computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event, or default from the designated period of time begins to run shall not be included.")  Absent tolling, the statute of limitations was set to expire on April 6, 2012.  Thus, this action, initiated on September 29, 2014, nearly two and one-half years later, is untimely absent tolling of the limitations period.

### B.     Statutory Tolling

The statute of limitations is tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in state court.  28 U.S.C. § 2244(d)(2).  If Petitioner was "properly pursuing" his state court remedies, "the one-year statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled in part by Carey v. Saffold, 536 U.S. 214, 225 (2002) (holding that the statute of limitations is not statutorily tolled during gaps between petitions if the delay is unreasonable); see also Evans v. Chavis, 546 U.S. 189, 201 (2006) (holding that an unjustified six-month gap was unreasonable under California law).

An untimely state petition is neither "properly filed" nor "pending" during the time it was under consideration by the state courts.  Bonner v. Carey, 425 F.3d 1145, 1148-49 (9th Cir. 2006).  If the limitations period had already expired by the time Petitioner began his round of state collateral review, statutory tolling is not available for any of the state petitions.  See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (holding that state post-conviction petition which was filed after expiration of the statute of limitations cannot toll the limitations period).

Petitioner constructively filed his first state habeas petition in the superior court on August 27, 2012, nearly one year and five months after his administrative review ended, and nearly five months after the limitations period was set to expire on April 6, 2012.  He attached to that first state petition the declaration of inmate Rodriguez, who stated that he was in the process of assisting Petitioner with his challenge to the disciplinary proceeding, as he was permitted to do under CDCR regulations, and was in possession of Petitioner's legal papers, again as permitted by CDCR regulations, when Rodriguez was removed from the prison on

November 27, 2011, and admitted to a hospital due to an infection. (Lodgment No. 3, Ex. A.) Rodriguez states that he returned to the prison infirmary on December 2, 2011, but due to the infectious nature of his condition was not able to return to general population in time to file the state trial court habeas petition before the federal one-year statute of limitations expired. (Id.) The declaration does not explicitly state when inmate Rodriguez was returned to the general population or when he was able to resume assisting Petitioner, but merely that, "declarant was not able to prepare and file the enclosed Writ of Habeas Corpus until the healing process was over, thus violating the one year statute after final disposition at the Director's Level of Appeal." (Id.) Petitioner included his own declaration, which also failed to explicitly state when Rodriguez was returned to the general population. (Lodgment No. 3 at 7.) As quoted above, the superior court denied the petition as untimely, stating that, "the unavailability of a preferred 'jail house' assistant does not (without more) sufficiently justify" the delay. (Lodgment No. 4, In re Sandoval, No. 12W0177A, order at 1.)

  The superior court's denial of Petitioner's first state petition as untimely precludes statutory tolling for the pendency of that petition unless a later state court decision invalidated the finding of untimeliness. See Pace v. DiGuglielmo, 544 U.S. 408, 413-14 (2005) ("[W]hen a postconviction petition is untimely under state law, 'that (is) the end of the matter' for purposes of § 2244(d)(2)."), quoting Saffold, 536 U.S. at 226; see also Trigueros v. Adams, 658 F.3d 983, 990 (9th Cir. 2011) (holding that a denial on the merits by state supreme court will not invalidate earlier finding of untimeliness by lower court absent compelling circumstances). After the superior court denied the habeas petition on November 26, 2012, Petitioner waited nearly five months, until April 17, 2013, to file a habeas petition in the state appellate court. He argued that the 142-day gap between the denial by the superior court and the filing in the appellate court was due to his spending time investigating his claim, and argued that the superior court had erred in finding the first petition to be untimely. (Lodgment No. 5 at 1-2.) Petitioner presented two new declarations from inmate Rodriguez in support of those contentions, and his own new declaration, none of which explicitly stated when inmate Rodriguez was able to continue assisting Petitioner or return his legal materials. (See Attachments to Lodgment No. 5.) As

1 quoted above, although the appellate court reached the merits of the claim, it was silent on the
2 timeliness issue, other than to state: "We do not review Sandoval's claims of error with respect
3 to the superior court's denial of relief." (Lodgment No. 6, In re Sandoval, No. D063782, slip op.
4 at 2.)

5       There is no indication that the appellate court invalidated the finding of untimeliness by
6 the trial court. That is particularly true in light of Petitioner's failure to identify the exact date
7 Rodriguez returned to the general population and resumed assisting Petitioner, and in light of
8 the fact that the appellate court indicated it would not address Petitioner's contention that the
9 superior court erred in determining the first petition was untimely. Thus, statutory tolling is not
10 available for the first state habeas petition. And because the appellate court habeas petition was
11 also filed after the limitations period expired (assuming, as discussed below, that equitable
12 tolling did not extend the limitations period so as to render the appellate court petition to have
13 been filed before the limitations period expired), the pendency of the appellate court petition also
14 did not statutorily toll the limitations period.

15       Neither does the state supreme court petition provide statutory tolling. Petitioner waited
16 349 days after the appellate court denied his petition on the merits to file a habeas petition in the
17 state supreme court. Petitioner alleged in his supreme court petition that the delay in presenting
18 the claim was excusable under state law because his claim relied on a error of constitutional
19 magnitude. (Lodgment No. 7 at 6-7.) The supreme court summarily denied the petition.
20 (Lodgment No. 8.) There is a presumption that the state supreme court adopted the reasoning
21 of the appellate court. See Ylst v. Nunnemaker, 501 U.S. 797, 803-06 (1991) ("Where there has
22 been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding
23 that judgment or rejecting the same claim rest upon the same ground.") As set forth below, it
24 is clear that the state supreme court rejected Petitioner's contention that his delay was excusable
25 because it relied on an error of constitutional magnitude.

26       The gaps between the state petitions, 142 days between the superior and appellate courts,
27 and 349 days between the appellate and supreme courts, are presumptively too long to entitle
28 Petitioner to statutory tolling during those gaps even if he were entitled to statutory tolling while

those petitions were pending in state court. See Evans, 546 U.S. at 201 (holding that a six-month unjustified delay was unreasonable under California law); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (holding that gaps of 115 days and 101 days without adequate explanation did not support statutory tolling). Although the orders of the state appellate and supreme courts did not find those petitions untimely, or comment on the lengthy gaps between filings, their silence does not preclude this Court from finding those petitions untimely under state law for purposes of statutory tolling. See Evans, 546 U.S. at 198 (holding that in the absence of a clear indication that a request for state collateral review was timely or untimely, the federal court "must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness.") As set forth below in the equitable tolling section of this Report, Petitioner has not justified those delays.

The Court finds that statutory tolling is not available because Petitioner initiated his one round of state habeas review after the limitations period expired. Even to the extent (discussed below) that equitable tolling is available up to the filing date of the first state habeas petition, statutory tolling is not available for that petition because it is untimely. As discussed below, the limitations period would have expired while that first state petition was pending, and statutory tolling is not available for the two subsequent state habeas petitions because they were therefore filed after the limitations period expired, or for the lengthy gaps between the petitions.

**C.   Equitable Tolling**

In order to be entitled to equitable tolling of the statute of limitations, Petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 645-51 (2010). Petitioner bears the burden of showing that "extraordinary circumstances" were the proximate cause of his untimeliness, rather than merely a lack of diligence. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). A prisoner's lack of access to legal materials which makes it impossible to file within the one-year statute of limitations can support equitable tolling. Lott v. Mueller, 304 F.3d 918, 922-25 (9th Cir. 2002).

///

Petitioner argues that he is entitled to equitable tolling of the limitations period from November 27, 2011, until March 2, 2012, due to his lack of access to his legal materials, which were in the possession of inmate Rodriguez while he was incapacitated with a contagious disease. (Pet.'s Opp. at 2-5.) Petitioner states in his verified Opposition here, apparently for the first time in any court, that Rodriguez returned to general population on March 2, 2012, at which time, "he and petitioner were once again quartered in close proximity, legal research and preparation into his federal claim got under way up to and until" the August 27, 2012, constructive filing of the trial court habeas petition. (Id. at 4.)

As set forth above, the one-year statute of limitations began to run on April 7, 2011, and, absent tolling, was set to expire on April 6, 2012. Assuming equitable tolling began on November 27, 2011, at which point 236 days had expired from the limitations period, and stopped on March 2, 2012, the statute of limitations would be set to expire 129 days later, on July 9, 2012. Petitioner constructively filed his first state habeas petition on August 27, 2012, 49 days after expiration of the limitations period. Because he initiated his round of state post-conviction review after expiration of the limitations period, he is not entitled to statutory tolling from August 27, 2012, when he filed his first state habeas petition, until June 18, 2014, when the state supreme court denied his final state habeas petition. Jiminez, 276 F.3d at 482. As a result, the instant federal Petition is untimely because it was filed on September 29, 2015, over three years after the one-year statute of limitations expired on July 9, 2012, even with the benefit of equitable tolling requested by Petitioner.

Because Petitioner is proceeding pro se, this Court must liberally construe his pleadings. Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002). Under such a construction, it appears that Petitioner has alleged that, despite Rodriguez' return to the general population on March 2, 2012, he and Petitioner were unable to prepare and file the first state habeas petition prior to the expiration of the statute of limitations. See e.g. Lott, 304 F.3d at 924-25 (stating that the equitable tolling inquiry is highly fact dependant, that a prisoner who had his legal materials returned to him near the filing deadline may still have been unable to file on time, and remanding for development of the record in that regard.) This Court is required to develop the record when

a petitioner "makes 'a good faith allegation that would, if true, entitle him to equitable tolling.'" Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006), quoting Laws v. Lamarque, 351 F.3d 919, 919 (9th Cir. 2003).

The Court need not conduct an evidentiary hearing to determine whether exceptional circumstances beyond Petitioner's control prevented him from filing his first state habeas petition prior to expiration of the limitations period. Even were the Court to extend equitable tolling for the additional time it took Petitioner to prepare and file his first state habeas petition on August 27, 2012, he would, at that time, have 129 days remaining on the limitations period. He filed his federal Petition 103 days after his round of state habeas review ended on June 18, 2014, when the state supreme court denied relief. Thus, if equitable tolling extended the limitations period to August 27, 2012, and if statutory tolling is available throughout the one complete round of state habeas review, the federal Petition would be timely.

However, as set forth above, the state superior court found the first petition to be untimely, and unless Petitioner can show that determination was later invalidated, "that (is) the end of the matter" for statute of limitations purposes. Pace, 544 U.S. at 413-14. In order to avail himself of statutory tolling for that first state petition, Petitioner would have to demonstrate that the later decisions of the state appellate or supreme courts reaching the merits of the claim somehow invalidated the finding by the superior court that the first petition was untimely. Trigueros, 658 F.3d at 990. Although Petitioner asked the appellate court to review the superior court's finding of untimeliness (see Lodgment No. 5 at 1-2), the state appellate court specifically stated: "We do not review Sandoval's claims of error with respect to the superior court's denial of relief." (Lodgment No. 6, In re Sandoval, No. D063782, slip op. at 2.)

Neither does the silent denial by the state supreme court support a finding that the superior court's untimeliness finding was invalidated. See Evans, 546 U.S. at 197-98 (holding that the presumption that a silent denial is an adjudication on the merits does not excuse the district court from determining whether a state habeas petition was also untimely for statute of limitations purposes). The Ninth Circuit in Bonner looked through the silent denial of a habeas petition by the California Supreme Court to the appellate court order which adopted the superior

1  court's finding of untimeliness, and found no reason to disturb the untimeliness finding. Bonner,
2  425 F.3d at 1148-49. Unlike Bonner, however, this Court looks through the silent denial by the
3  state supreme court to the appellate court order denying the claim on the merits. In Trigueros,
4  the state supreme court silently denied a habeas petition which had been silently denied by the
5  appellate court and found to be untimely by the superior court. Trigueros, 658 F.3d at 990. The
6  Ninth Circuit found "compelling factual circumstances" signaling that the California Supreme
7  Court had considered and rejected the finding of untimeliness by the superior court. Id. The
8  Ninth Circuit based that finding on the fact that the state supreme court "did not cite to cases
9  involving a timeliness procedural bar" despite, unlike here or in Bonner, having requested
10 briefing on the timeliness issue. Id.

11        The present case is closer to Bonner than Trigueros, as there are no compelling factual
12 circumstances in this case to indicate the appellate or supreme courts invalidated the superior
13 court's finding of untimeliness. Accordingly, Petitioner is not entitled to statutory tolling for the
14 pendency of the first state habeas petition. Thus, even if he is given credit for equitable tolling
15 until he filed the first state petition, the one-year statute of limitations, which would have had
16 129 days remaining when equitable tolling ended, expired during the 234 days the first state
17 petition was pending.

18        Additionally, even if Petitioner could demonstrate that the superior court's untimeliness
19 finding was invalidated by the higher courts reaching the merits of his claim, and even if he is
20 able to demonstrate he is entitled to statutory tolling while all three state petitions were under
21 consideration by the state courts, statutory tolling is not available for the 142-day gap between
22 the denial of the superior court petition and the filing of the appellate court petition, or for the
23 349-day gap between the state appellate court denial and the filing of the state supreme court
24 petition. See Evans, 546 U.S. at 201 (stating that unjustified six-month delay was unreasonable);
25 Chaffer, 592 F.3d at 1048 (holding that gaps of 115 days and 101 days without adequate
26 explanation did not support statutory tolling). Petitioner argued in the state supreme court that
27 his 349-day delay (and perhaps all of his delays) should be excused because his claim fits within
28 an exception to the state timeliness rule, as it alleges an error of constitutional magnitude in that

"no reasonable disciplinary tribunal SHO would have held petitioner culpable." (See Lodgment No. 7 at 7, citing In re Clark, 5 Cal.4th at 797-98.) The passage in Clark which Petitioner referenced states:

> Although we conclude here that it should not be inflexible, the general rule is still that, absent justification for the failure to present all known claims in a single, timely petition for writ of habeas corpus, successive and/or untimely petitions will be summarily denied. The only exception to this rule are petitions which allege facts which, if proven, would establish that a *fundamental* miscarriage of justice occurred as a result of the proceedings leading to conviction and/or sentence.
>
> Thus, for purposes of the exception to the procedural bar against successive and untimely petitions, a "fundamental miscarriage of justice" will have occurred in any proceeding in which it can be demonstrated: (1) that error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner; (2) that the petitioner is actually innocent of the crime or crimes of which the petitioner was convicted; . . .

Clark, 5 Cal.4th at 797-98 (emphasis in original) (footnotes omitted).

Petitioner has not shown, either here or in state court, that no reasonable factfinder would have found him guilty of constructive possession of an inmate manufactured weapon. As the appellate court found:

> A search of Sandoval's cell revealed an inmate manufactured weapon and two large pieces of metal stock under the cushion on his cellmate's wheelchair. When the correctional officers asked Sandoval to exit his cell to allow the search, he refused to exit the cell and turned his light off. Although Sandoval asserted he had no knowledge of the weapon and his cellmate claimed responsibility, the hearing officer's investigation determined that the weapon and metal stock were pieces of a handicap walker and it would have been impossible for Sandoval to have no knowledge of these weapons given the time involved to break down the walker into pieces and fashion a weapon. Thus, "some evidence" supports the hearing officer's finding that Sandoval had constructive possession of the weapon.

(Lodgment No. 6, In re Sandoval, No. D063782, slip op. at 1-2.)

The record supports a finding that the state supreme court, in silently adopting the reasoning of the appellate court, did not accept Petitioner's contention that his delay was excusable based on the fundamental miscarriage of justice exception to the timeliness rule. This Court must make an independent determination of what the state court would have held with respect to timeliness. Evans, 546 U.S. at 197-98. The Court finds that Petitioner has not shown that the 349-day delay between the denial of his appellate court habeas petition and the filing of

his state supreme court petition was "reasonable" or otherwise excusable under California law. Accordingly, he is not entitled to statutory tolling for that gap, and the federal Petition is untimely even if Petitioner is entitled to the most generous application of equitable tolling, as well as statutory tolling while any or all of his state petitions were under consideration by the state courts.

### D. Tolling Summary

The Court finds that the one-year statute of limitations began to run on April 7, 2011. Assuming Petitioner is entitled to equitable tolling while he was not in possession of his legal materials from November 27, 2011, until March 2, 2012, at which point 129 days remained on the statute of limitations, it expired on July 9, 2012, 49 days before state habeas review began on August 27, 2012, thereby precluding any statutory tolling and rendering the federal Petition untimely. Assuming Petitioner is entitled to equitable tolling from November 27, 2011, until he filed his first state habeas petition on August 27, 2012, at which point 129 days remained on the one-year statute of limitations, he is not entitled to statutory tolling during the pendency of his first state habeas petition because the superior court found it to be untimely, and the limitations period therefore expired during the 234 days that first state petition was pending, precluding statutory tolling for any subsequent state petitions and rendering the federal Petition untimely. Finally, assuming equitable tolling is available from November 27, 2011, until Petitioner filed his first state habeas petition on August 27, 2012, at which point 129 days remained on the one-year statute of limitations, and assuming the finding of untimeliness of his first state petition by the superior court was invalidated by the later state court decisions addressing the merits of the claim, statutory tolling is not available for the 349-day gap between the denial of the appellate court petition and the filing of the state supreme court petition, and the one-year statute of limitations would have expired during that lengthy and unjustified gap between petitions, thereby rendering the federal Petition untimely.

### E. Actual Innocence

Finally, to the extent Petitioner's contention that no reasonable factfinder would have found him guilty must be liberally construed as an allegation that he is actually innocent, he has

not satisfied the actual innocence exception to untimeliness set forth in Schlup v. Delo, 513 U.S. 298, 327 (1995). "In order to pass through Schlup's gateway, and have an otherwise barred constitutional claim heard on the merits, a petitioner must show that, in light of all the evidence, including evidence not introduced at trial, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" Majoy v. Roe, 296 F.3d 770, 775-76 (9th Cir. 2002), quoting Schlup, 513 U.S. at 327. In applying this standard, "A petitioner need not show that he is 'actually innocent' of the crime he was convicted of committing; instead, he must show that '"a court cannot have confidence in the outcome of the trial."'" Majoy, 296 F.3d at 776, quoting Carriger v. Stewart, 132 F.3d 463, 478 (9th Cir. 1987) (en banc), quoting Schlup, 513 U.S. at 316.

The Court finds that Petitioner has not made such a showing for the same reasons set forth above regarding why he failed to demonstrate in state court that no reasonable factfinder could find him guilty. As the state appellate court correctly found, sufficient evidence was presented for a reasonable factfinder to find that Petitioner was aware of the deadly weapon possessed by his cellmate, and therefore guilty of constructive possession of it, not only because its existence must have been obvious to Petitioner, but because Petitioner acted suspiciously when asked to exit his cell. (Lodgment No. 6, In re Sandoval, No. D063782, slip op. at 1-2.) Petitioner has failed to show any reasons that "a court cannot have confidence in the outcome of the" disciplinary proceeding. Schlup, 513 U.S. at 316.

### III.     Conclusion and Recommendation

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) directing that Respondent's Motion to Dismiss be **GRANTED**; and (3) directing that judgment be entered **DISMISSING** the Petition with prejudice for failure to file within the applicable statute of limitations.

**IT IS ORDERED** that no later than **August 21, 2015** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

1     **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the
2 Court and served on all parties no later than **September 18, 2015**.  The parties are
3 advised that failure to file objections with the specified time may waive the right to raise those
4 objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir.
5 1998); Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

6     **IT IS SO ORDERED.**

7 DATED: July 29, 2015

                              Peter C. Lewis
                              U.S. Magistrate Judge
                              United States District Court