1
2
3
4
5
6
7
8
9

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN SANDOVAL, | Case No. 14-cv-2378-BAS(PCL) |
| Petitioner, | **ORDER:** |
| | **(1) ADOPTING REPORT AND RECOMMENDATION IN ITS ENTIRETY;** |
| v. | **(2) GRANTING RESPONDENT'S MOTION TO DISMISS; AND** |
| WARREN L. MONTGOMERY, | **(3) DENYING PETITIONER'S MOTION FOR EXTENSION OF TIME** |
| Respondent. | **[ECF Nos. 13, 23, 35]** |

## I.    BACKGROUND

On October 2, 2014, Petitioner Esteban Sandoval, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding that found him guilty of constructive possession of a deadly weapon, which resulted in the loss of 360 days of earned custody credits. On February 10, 2015, Respondent Warren L. Montgomery

14cv2378

filed a motion to dismiss the petition. (ECF No. 13.) Petitioner opposed (ECF No. 21.)

On July 29, 2015, United States Magistrate Judge Peter C. Lewis issued a Report and Recommendation ("R&R" or "report") recommending that this Court grant Respondent's motion to dismiss and enter judgment dismissing the petition with prejudice for failure to file within the applicable statute of limitations. (ECF No. 23.) Judge Lewis ordered any objections to be filed no later than August 21, 2015, and any replies be filed no later than September 18, 2015. *Id.*

The Court originally adopted Judge Lewis' R&R in a September 23, 2015 Order, and noted that Petitioner failed to object. (ECF No. 24.) That Order was subsequently vacated when it became clear that an apparent docketing error prevented timely consideration of a motion for extension of time previously filed by Petitioner. (ECF No. 30.) Upon setting aside the judgment, the Court granted Petitioner an additional 30 days to file any objections to Judge Lewis's R&R. The new deadline was November 30, 2015. *Id.* The Court also advised Petitioner that given his history of failing to take action despite being granted numerous extensions, "any future requests for extensions of time will be viewed with the utmost circumspection." (ECF No. 30, 3:12-14.)

Petitioner failed to file and serve his objections by the November 30, 2015 deadline and requested another extension of time. (ECF No. 32.) The Court granted another 30-day extension, setting a deadline of January 19, 2016. (ECF No. 33.) Petitioner again failed to file and serve objections, and requested yet another extension. (ECF No. 35.) The Court finds no good cause for another extension under the circumstances. Accordingly, the motion for extension is DENIED. (ECF No. 35.)

## II.    DISCUSSION

The Court reviews *de novo* those portions of the R&R to which objections are made.  28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* But "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States*

*v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct." *Id.* "When no objections are filed, the *de novo* review is waived." *Marshall v. Astrue*, No. 08cv1735, 2010 WL 841252, at *1 (S.D. Cal. Mar. 10, 2010) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so).

In this case, no objections have been filed, and no more extensions of time will be granted. Consequently, the Court may adopt the R&R on the basis that it is unopposed. *See Reyna-Tapia*, 328 F.3d at 1121. Having nonetheless conducted a *de novo* review of the petition, Respondent's motion to dismiss, Petitioner's opposition, and Judge Lewis' R&R, the Court hereby approves and **ADOPTS** the report in its entirety (ECF No. 23), and **GRANTS** Respondent's motion to dismiss (ECF No. 13). *See* 28 U.S.C. § 636(b)(1). The Court further **ORDERS** the Clerk of the Court to enter judgment dismissing the petition with prejudice for failure to file within the applicable statute of limitation in accordance with Judge Lewis' recommendation.

Moreover, a certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Petitioner has not made this showing. Because reasonable jurists would not find the Court's assessment of the claims debatable or wrong, the Court **DECLINES** to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

**DATED: March 31, 2016**

**Hon. Cynthia Bashant**
**United States District Judge**

14cv2378